An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROBERT J. KOSSACK, ESQ., BAR NO.
2734.

No. 58388

**FILED**

MAY 24 2013



## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a disciplinary board hearing panel's recommendation that attorney Robert J. Kossack be suspended from the practice of law for three years, subject to conditions.

The complaints giving rise to this matter involved the misappropriation of client funds by Kossack's nonlawyer staff. After a hearing on the matter, the disciplinary panel found that Kossack violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 3.3 (responsibilities regarding nonlawyer assistants), and RPC 5.5 (unauthorized practice of law).

The panel recommended Kossack be suspended from the practice of law for three years, with the conditions that (1) Kossack be required to take and pass the MPRE prior to applying for reinstatement; (2), if reinstated, Kossack enter into a mentoring agreement with a mentor approved by the state bar for two years, with the mentor making quarterly written reports to bar counsel regarding Kossack's practice; and (3) Kossack pay the costs of the disciplinary proceedings. To this court, Kossack argued that he should not be suspended, while the state bar argued that this court should adopt the panel's recommendation.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-15360

Having reviewed the briefs and the record, we approve the panel's recommendation that Kossack be suspended subject to conditions. However, in weighing Kossack's disregard of the responsibilities of running a legal practice and supervising his staff against the fraudulent and well-concealed conduct of his staff, we determine that a shorter period of suspension is appropriate. Further, while conditions are appropriate, we determine that the panel's recommended conditions require modification to better protect the public. We therefore reject the recommended suspension term of three years and instead direct that Kossack be suspended for 18 months, with the conditions that (1) Kossack be required to take and pass the MPRE prior to applying for reinstatement; (2) if reinstated, Kossack shall enter into a two-year mentoring agreement with a mentor approved by the state bar; the mentor shall have access to and control over Kossack's trust account, and the mentor shall make quarterly written reports to bar counsel regarding Kossack's law practice and trust account; (3) if reinstated, Kossack's mentor shall determine whether Kossack shall (a) complete a substance abuse evaluation and comply with any recommendations or (b) participate in the Lawyers Concerned for Lawyers program[1]; (4) if reinstated, in addition to the customary required annual CLE, in his first year of reinstatement, Kossack shall complete four CLE credits in ethics and six CLE credits in accounting, trust account management, and/or law practice management; and (5) Kossack shall pay the costs of the disciplinary proceedings before applying for reinstatement.

---

[1]Alternatively, if, along with any petition for reinstatement, Kossack provides evidence that he has passed a drug test within the 30 days prior to the petition being filed, this requirement may be waived.

Accordingly, we hereby suspend Robert K. Kossack from the practice of law for 18 months from the date of this order. In addition, Kossack must comply with the conditions set forth above.

It is so ORDERED.



_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:  Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
     David Clark, Bar Counsel
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Robert J. Kossack
     Perry Thompson, Admissions Office, United States Supreme Court